UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **DEXON COMPUTER, INC.** § | |
| § | |
| v. § | Case No. 5:22-cv-53-RWS-JBB |
| § | |
| **CISCO SYSTEMS, INC. and CDW** § | |
| **CORPORATION** § | |

# ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The following pending motions are before the Court:

> **Dexon Computer, Inc.'s Motion to Compel Cisco Systems, Inc. to Timely Produce Critical Data and Documents (Dkt. No. 87); and**
>
> **Dexon Computer, Inc.'s Motion to Compel and for Sanctions against Cisco Systems, Inc. (Dkt. No. 97).**

The Court, after considering the relevant briefing and hearing arguments of counsel February 8, 2023, is of the opinion Dexon's motions should be **GRANTED as modified.**

## I.  BACKGROUND

On April 27, 2022, Plaintiff Dexon Computer, Inc. ("Plaintiff" or "Dexon") filed the above antitrust case against Defendant Cisco Systems, Inc. ("Cisco") and Defendant CDW Corporation ("CDW") (collectively, "Defendants"). Dexon alleges an agreement between Cisco and CDW reflects an unreasonable restraint of trade and a conspiracy to monopolize that is unlawful under Section 1 of the Sherman Act, 15 U.S.C. § 1, and under Section 2 of the Sherman Act, 15 U.S.C. § 2. Dkt. No. 1, ¶¶ 87-100. Plaintiff also asserts claims under § 1 of the Sherman Act for *per se* tying in the Relevant Product Markets, under § 2 of the Sherman Act for unlawful monopolization of the Relevant Networking Equipment Markets and for unlawful attempted monopolization of the

1

Relevant Product Markets against Cisco, and under the Texas Free Enterprise and Antitrust Act against Cisco and CDW. *Id.*, ¶¶ 87-128.

## II.  MOTIONS TO COMPEL

In the first motion to compel filed in November 2022, Dexon requested the Court order Cisco to produce its SmartNet and Salesforce data with full production by early January 2023. Dkt. No. 87. In the second motion filed in December 2022, Dexon requests the Court order Cisco to use proposed search terms against the original eight custodians and ten additional custodians since identified by Dexon and produce already collected but withheld documents referencing "Dexon." Dkt. No. 97. Dexon also seeks cost-shifting sanctions for having to file its second motion. Additionally, Dexon requests the Court permit Dexon to take fact discovery of Cisco for an additional thirty days, until May 22, 2023; to extend the deadlines for expert discovery by thirty days each; and to require that Cisco file a letter brief requesting leave to file a summary judgment motion. *Id*. at 6.

## III. APPLICABLE LEGAL STANDARDS GOVERNING DISCOVERY

Federal Rule of Civil Procedure 26(b) provides that the permissible scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."[1] *Matter of AET, Inc., Ltd.*, No. 1:10-CV-51, 2018 WL 4201264, at *2 (E.D. Tex. June 8, 2018) (quoting FED. R. CIV. P. 26(b)(1)).

---

[1] In the Eastern District of Texas, Local Rule CV-26 also provides guidance in considering whether information is relevant for discovery. The rule provides information is relevant if:

Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Matter of AET*, 2018 WL 4201264, at *2 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947))). Nonetheless, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Matter of AET*, 2018 WL 4201264, at *2 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

In addition to being relevant, discovery must be proportional. Federal Rule of Civil Procedure 26(b) has been amended, effective December 1, 2015. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. June 26, 2017) ("*Samsung II*"). "Under Rule 26(b)(1), [as amended,] discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Id.* at 279. The burden is on the party resisting discovery to establish the discovery is not proportional. *KAIST IP US L.L.C. v. Samsung Electronics Co. Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937760, at *1 (E.D. Tex. Dec. 21, 2017) (citing *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 2017 WL 896897, at *11 (N.D. Tex. Mar. 7, 2017) ("*Samsung I*")); *see also Samsung II*, 321 F.R.D. at 284 (explaining the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery).

---

(1) it includes information that would not support the disclosing parties' contentions;

(2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

(3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;

(4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and

(5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

*Matter of AET*, 2018 WL 4201264, at *2 (quoting E.D. Tex. Civ. R. CV-26(d)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." *Star Creek Ctr., L.L.C. v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *1 (E.D. Tex. Apr. 23, 2018) (quoting FED. R. CIV. P. 37(a)(1)). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Id.* (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Further, Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Edwards v. Junior State of Am. Found.*, Civil Action No. 4:19-CV-140-SDJ, 2021 WL 1600282, at *5 (E.D. Tex. Apr. 23, 2021) (quoting FED. R. CIV. P. 37(c)). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.* "[T]he presumptive sanction under Rule 37(c) for failing to comply with Rule 26(a) or Rule 26(e) is the exclusion of the information" in question. *Id.* (quoting *Flores v. AT&T Corp.*, Civil Action No. EP-17-CV-00318-DB, 2019 WL 2746774, at *9 (W.D. Tex. Mar. 27, 2019)).

## IV. DISCUSSION

A.    **First motion to compel (Dkt. No. 87)**

*SmartNet service data relating to the products in the Relevant Product Markets*

At the end of December 2022, Cisco produced SmartNet data related to Dexon's allegations, and on February 7, 2023, Cisco produced the Bates numbers associated to that late 2022 production. Dexon asserts Cisco's production is insufficient. Cisco claims its document production is substantially complete. Even though Dexon has reduced its request to the relevant product markets (routers, ethernet switches, and IP phones), Cisco asserts much of the request is irrelevant to the claims and defenses and not proportional to the needs of the case. Cisco further asserts the request is overly broad and unduly burdensome because these product markets encompass much of Cisco's business and would total millions of documents that would have to be reviewed before production.

The Court grants this part of Dexon's motion as limited in Dkt. No. 87. Within four weeks from the date of entry of this Order, Cisco shall produce to Dexon, to the extent it has not already done so, SmartNet service data relating to products in the Relevant Product Markets (Ethernet Switches, Routers and IP Phones). *See* Dkt. No. 87 at 6; *see also* Dkt. No. 36-1 at 3(6) (Data sufficient to show Cisco's SmartNet customers including dates for which a SmartNet package was in place, the dates for which service was deactivated, withdrawn or deemed ineligible in any way, and all revenue obtained by Cisco resulting from each SmartNet package). To the extent Cisco has a reasonable way in which it can present to Dexon the equivalent information such that it minimizes the burden to Cisco, Cisco may present that proposal to Dexon. Barring agreement, the Court's order stands.

B.     **Second motion to compel (Dkt. No. 97)**

*Relevant files from missing witnesses*

Claiming it has already produced relevant documents, Cisco points out it has produced all relevant emails from more than 3,000 email custodians. Subsequent to that production, Dexon reviewed the emails and then identified ten additional custodians. Cisco contends four of the ten have nothing to do with this case and have included the remaining six in Cisco's amended initial disclosures. Dexon argues Cisco should be compelled to search the files from all ten.

The Court grants Dexon's request to expand the ESI custodians to include the following additional custodians: (1) Amy Allen; (2) Sean O'Brien; (3) Ho or Heidecker (whoever was added to the amended initial disclosures); (4) Vidal Melgar-Herrera; (5) Michael Babich; (6) Grace Marhaba; (7) Carleigh Terasaki; and (8) Colin Abe.

*Production of ESI documents from original eight custodians and additional eight custodians using the negotiated search terms*

With regard to the original eight custodians which are allowed under the E-Discovery Order, Cisco claims it has run search terms calculated to identify the relevant documents. Cisco asserts the search terms are too broad, and the Court agrees. However, Cisco did so based on unilaterally selected search terms after rejecting Dexon's eight proposed search terms as too broad.

The Court orders Dexon to meet and confer with Cisco regarding Cisco's use of the CDW search terms with the original eight custodians as well as the additional eight custodians identified above. If Cisco believes those search terms would still be too burdensome to run, within one week following Dexon's proposal, Cisco may propose to Dexon modified search terms that would be proportional to the needs of this case, along with an identification of the number of documents such a search would return. In the event of an impasse, the parties shall file a joint brief outlining

their final proposed search terms for the Court to select. Cisco shall provide these documents within four weeks of the date of this Order.

### *All Cisco's files referencing Dexon*

Cisco shall produce to Dexon the portion of the 155,000 documents it has already identified that is not privileged and does not require contacting third parties. Cisco shall provide these documents within four weeks of the date of this Order.

### *Sanctions*

Based on the record before the Court, the Court declines to order cost-shifting at this time. The Court also declines at this time to entertain an extension of scheduling order deadlines. Within seven days following Dexon's receipt of Cisco's production as ordered herein, the Court will entertain a joint proposal from the parties (outlining therein each party's position including CDW's) regarding the deadlines contained in the Docket Control Order.

Finally, the Court denies Dexon's request to require Cisco to file a letter brief requesting leave to file a summary judgment motion.

Accordingly, it is

**ORDERED** that Dexon Computer, Inc.'s Motion to Compel Cisco Systems, Inc. to Timely Produce Critical Data and Documents (Dkt. No. 87) and Dexon Computer, Inc.'s Motion to Compel and for Sanctions against Cisco Systems, Inc. (Dkt. No. 97) are **GRANTED as modified** herein.

SIGNED this the 8th day of February, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE