**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **DEXON COMPUTER, INC.** | § | |
| *Plaintiff* | § | |
| v. | § | **CASE NO. 5:22-CV-53-RWS-JBB** |
| | § | |
| **CISCO SYSTEMS, INC. and** | § | |
| **CDW CORPORATION** | § | **JURY TRIAL DEMANDED** |
| *Defendants* | § | |

## DEXON COMPUTER, INC.'S MOTION FOR LEAVE TO SERVE A DOCUMENT SUBPOENA ON FORT BEND OR, IN THE ALTERNATIVE, MOTION TO STRIKE DEFENDANT CISCO SYSTEMS, INC.'S DISCLOSURE OF JOJO JACOB

Plaintiff Dexon Computer, Inc. ("Dexon") respectfully requests that this Court grant Dexon leave to serve a document subpoena on Fort Bend Independent School District ("Fort Bend"), or in the alternative, pursuant to Rule 37, strike Cisco's improper disclosure of Fort Bend witness Jojo Jacob on the very last day of fact discovery.

As the Court is aware, due to Cisco's belated production of over half of a million documents in this case, the Court extended the Fact Discovery deadline to June 21, 2023. (Dkt. No. 139.) On that date, the parties supplemented their prior Interrogatory responses, responded to other pending discovery, and formally supplemented their Disclosures with witnesses whose depositions had already been taken pursuant to the parties' consent. However, also on June 21, Cisco for the first time disclosed third party witness Jojo Jacob of Fort Bend, and produced a declaration executed by Mr. Jacob <u>that very day</u>. This was shocking to Dexon, in light of the Court's repeated statements, including in multiple Orders, that Cisco was not to delay discovery or otherwise engage in gamesmanship.

Dexon alerted Defendants that it intended to move to strike the untimely disclosure and associated Declaration of Jojo Jacob. On the meet and confer for that potential Motion, Defendants (including CDW that reserved its right to call Mr. Jacob at Trial) suggested that Dexon instead remedy the prejudice it had sustained by pursuing discovery of Fort Bend after the fact discovery cutoff, characterizing the fact discovery cutoff as a soft deadline that is "flexible" to the circumstances. Dexon disagreed with this overall premise, but nonetheless, considered Defendants' proposal in good faith.

Thus, in an attempt to avoid burdening the Court with further motion practice, Dexon agreed to take discovery of Mr. Jacob and alerted Defendants that it would serve an associated document subpoena on Fort Bend. Defendants then took the position that it would <u>only</u> consent

1

to the deposition of Mr. Jacob (*see* Dkt. No. 252) but objected to the document subpoena as "untimely." This is pure gamesmanship. Defendants seek Mr. Jacob to be deposed without the documents that Dexon believes will show that: (a) Cisco improperly coordinated with Fort Bend (either through their counsel, employees or both) to game the system and prepare a carefully curated declaration that was served on the last day of fact discovery, (b) multiple statements made by Mr. Jacob in his declaration are false or otherwise misleading, and (c) Fort Bend's attorney deliberately misled Dexon to believe that no discovery of Fort Bend would occur, let alone in coordination with Cisco, after Fort Bend produced limited documents responsive to a prior subpoena served by Cisco.

In the meet and confer on the instant motion, Cisco demanded that Dexon disclose what documents it sought from Fort Bend. Dexon explained that it needed all correspondence between Defendants and Fort Bend during fact discovery ("Defendants-Fort Bend Correspondence"), and Defendants claimed that they needed to research their position despite the plain relevance of the discovery. Indeed, Cisco has already questioned a third party witness in this case about its correspondence with Dexon's counsel (about the logistics for the deposition), disproving its own contention. Dexon explained that on this basis alone, the Court should grant leave for Dexon to serve a document subpoena on Fort Bend.

Cisco requested time to confirm its position, and today, emailed Dexon the following message:

> Defendants will not oppose Dexon's request to issue an out-of-time document subpoena to FBISD. We request that Dexon include in its motion the following statement of Cisco's position: Defendants do not oppose Dexon's request to issue an out-of-time document subpoena to FBISD. Defendants note, however, that Dexon obtaining further discovery from FBISD should not be a prerequisite to Defendants' reliance upon the declaration of FBISD employee Jojo Jacob, which Cisco obtained and disclosed within the fact discovery period, or to Defendants'

2

> reliance upon Cisco's addition of Mr. Jacob to its initial disclosures, which also occurred during the fact discovery period.

Thus, while Cisco technically "will not oppose" the instant Motion, Cisco's position regarding its ability to rely on Mr. Jacob's declaration without further discovery is not only a meritless position, but it is frivolous. Dexon is entitled to know why Fort Bend misled it and signed a sworn declaration on the last day of fact discovery.[1]

As a result, Dexon respectfully requests that the Court consider striking Cisco's disclosure of Mr. Jacob and his sworn declaration under Rule 37. Cisco's "just in time" disclosures, and CDW's effort to benefit from them, are precisely what this Court's Local Rules and the Federal Rules are designed to guard against. And in this case, Cisco has already been repeatedly warned about evasive disclosures and delays of discovery. *See, e.g.*, Dkt. No. 233 ("Cisco's pre-February 8th behavior appears to be more consistent with an overly narrow view of Dexon's claims or a desire to (improperly) delay discovery"). Despite these facts, Cisco now claims that it is entitled to intentionally hide a witness until the last day of fact discovery without any follow up document discovery by Dexon. Under these unique and troubling circumstances, the Court can justifiably find that these delay and gamesmanship tactics need to come to an end, and that the foregoing discovery, <u>suggested by Defendants</u>, should not have been necessary in the first place.

For these reasons, Dexon should be permitted leave to serve a document subpoena on Fort Bend, or in the alternative, the Court should strike Cisco's improper disclosure of Jojo Jacob including a sworn declaration on the last day of fact discovery. Should the Court wish to consider the latter remedy, we respectfully request that Defendants be ordered to respond to this Motion on

---

[1] Although CDW on the meet and confer said it would confirm its position on this Motion today, we have not heard from them and thus believe their position is the same as Cisco.

3

an expedited schedule so that the issue can be quickly resolved by the Court given the pendency of expert reports.

Dated:  June 30, 2023

Respectfully submitted,

By: /s/ David H. Reichenberg w/ permission
William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Phone: (903) 230-9090
Facsimile: (903) 230-9661

David H. Reichenberg (*pro hac vice*)
Matthew F. Bruno (*pro hac vice*)
Tina P. Lapsia (*pro hac vice*)
**Manatt, Phelps, & Phillips LLP**
7 Times Square
New York, NY 10036
dreichenberg@manatt.com
mbruno@manatt.com
tlapsia@manatt.com
Phone:  (212) 790-4626

**ATTORNEYS FOR PLAINTIFF
DEXON COMPUTER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on June 30, 2023, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

/s/ David H. Reichenberg
David H. Reichenberg

5

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel of record, including local counsel, met and conferred regarding this Motion on June 29, 2023, and Cisco's position is as stated herein.

/s/ *David H. Reichenberg*
David H. Reichenberg