IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **DEXON COMPUTER, INC.** § | |
| § | |
| v. § | Case No. 5:22-cv-53-RWS-JBB |
| § | |
| **CISCO SYSTEMS, INC. and CDW** § | |
| **CORPORATION** § | |

# ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court:

**Dexon Computer, Inc.'s Motion for Alternative Service of Rule 45 Deposition Subpoena Upon Non-Party ▉ O'Brien (Dkt. No. 270).**

The Court, having carefully reviewed the motion and expedited response, is of the opinion Dexon's motion should be **DENIED.**

▉ O'Brien is a former employee of Defendant Cisco Systems, Inc. ("Cisco"), whose employment was terminated in or around Fall 2020. According to Dexon, as a member of Cisco's Brand Protection team, Mr. O'Brien is intimately familiar with, among other things, Cisco's interactions with customers that purchased products from Dexon and Cisco's alleged interference with Dexon's business relationships.

On April 24, 2023, Dexon served Cisco with a deposition notice for the deposition of ▉ O'Brien, to take place on June 1, 2023. Reichenberg Decl., Ex. 2. On May 29, 2023—two days before his deposition—Cisco advised Dexon that it would need to re-schedule Mr. O'Brien's

1

deposition and would "propose a new date soon."[1] Reichenberg Decl., Ex. 4 at 2. The following day, however, Cisco informed Dexon that:

> Though Cisco previously expected that it would be able to ensure Mr. O'Brien's attendance at a deposition, that is no longer the case. If Dexon wishes to depose him, it will need to proceed via Rule 45 subpoena, which Cisco's counsel does not have authority to accept on Mr. O'Brien's behalf.

*Id.* at 1. Since then, Dexon has attempted to serve Mr. O'Brien with a Rule 45 subpoena to no avail. Using the address provided by Cisco's counsel, Dexon has made numerous attempts to serve Mr. O'Brien at his known home address at ███████████████████████ UT ████. Specifically, Dexon has made nine separate attempts to serve Mr. O'Brien, and on at least three occasions, process servers have reported an individual at the home who refused to answer the door.[2]

Given Mr. O'Brien's apparent attempts to evade service, Dexon requests the Court allow it to serve Mr. O'Brien its deposition subpoena using alternative methods as follows:

1. By both first class U.S. Mail and certified mail to Mr. O'Brien's ███████ address; and

2. By posting a copy of the subpoena on his door.

Dkt. No. 270 at 5. Alternatively, to the extent the Court concludes that personal service is still required, Dexon requests that Cisco be ordered to bear the cost of effecting personal service, given the costs and expenses already incurred by Dexon and Mr. O'Brien's clear efforts to evade service. *Id.*

---

[1] On June 29, 2023, the Court granted the Parties' Joint Motion to Amend the Docket Control Order, which, among other things, authorized the Parties to conduct certain depositions, including the deposition of Mr. O'Brien, after the close of fact discovery. Dkt. No. 253.

[2] A black SUV that is registered to Mr. O'Brien was at the residence during several of these attempts.

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. Rule 45(b)(1) states that "[s]erving a subpoena requires ***delivering a copy to the named person*** and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." (emphasis added.) Rule 45 contains no provision permitting substitute service. *Olmos v. David B. Giles P.C.*, No. 3:22-CV-0077-D, 2022 WL 3928492, at *1 (N.D. Tex. Aug. 30, 2022). "The Fifth Circuit interprets Rule 45(b)(1) to require personal delivery." *Id.* (quoting *Schumacher v. Cap. Advance Sols., L.L.C.*, 2021 WL 391416, at *1 (S.D. Tex. Feb. 4, 2021); also citing *Lexington Ins. Co. v. Harvia Oy*, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013) (O'Connor, J.) (collecting cases)); *see also Louisiana Corral Mgmt., L.L.C. v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 1074121, at *3 & n. 5 (E.D. La. Jan. 26, 2023) (citing, among other cases, *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires ... personal delivery of the subpoena....")).

While acknowledging that courts in the Fifth Circuit have interpreted Rule 45(b) to require personal delivery, Dexon cites several out-of-district court opinions as examples of the "emerging minority position" that have allowed alternative service after the subpoenaing party has made diligent attempts to effectuate personal service. Dkt. No. 270 at 3-4 (citing, among other cases, *United States v. Holland*, No. 19-CV-02456(DG)(JMW), 2023 WL 3570667, at *1 (E.D.N.Y. May 18, 2023); *OL Priv. Couns., L.L.C. v. Olson*, No. 2:21-CV-00455, 2022 WL 17324820, at *1 (D. Utah Nov. 29, 2022) (noting that courts have interpreted Rule 45 as allowing service of process by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure, which authorizes service by alternative means as permitted under state law, and further noting that Utah law permits service by alternative means in certain circumstances)).

The reasons those cases permit alternative service in the proper circumstances are noted. However, courts in the Fifth Circuit have held that "[t]he fact that [the witness] has made the required personal service 'difficult to accomplish' does not grant the district court the authority to waive the requirements of Rule 45(b)." *Olmos*, 2022 WL 3928492, at *1 (quoting *Lexington Ins. Co.*, 2013 WL 12330197, at *1 (quoting *Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co.*, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) (Horan, J.))); *see also Ferrara v. 4JLJ, L.L.C.*, No. 2:15-CV-182, 2016 WL 4800891 (S.D. Tex. Sept. 14, 2016) (denying motion for substitute service despite at least fifteen (unsuccessful) prior attempts to serve a nonparty). Dexon's unsuccessful attempts—at this stage in the case and given the background in the motion—do not warrant deviating from the consistent application of Rule 45 in this circuit. Further, Dexon does not cite any authority requiring that Cisco bear the cost of personally serving its former employee.

Dexon is responsible for personally serving Mr. O'Brien. The Court will continue to work with the parties to reasonably adjust the schedule as necessary to allow Dexon to continue to pursue discovery from Mr. O'Brien.

Accordingly, it is **ORDERED** that Dexon Computer, Inc.'s Motion for Alternative Service of Rule 45 Deposition Subpoena Upon Non-Party ▇ O'Brien (Dkt. No. 270) is **DENIED**.

SIGNED this the 24th day of July, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

4