# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| DEXON COMPUTER, INC., § § Plaintiff § § v. § § CISCO SYSTEMS, INC. AND CDW § CORPORATION, § § Defendants. § § | CASE NO. 5:22-CV-00053-RWS-JBB |

## ORDER

The above-captioned civil action was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636. On December 8, 2023, the Magistrate Judge entered a Report and Recommendation. Docket No. 451 [hereinafter R&R]. The R&R contains proposed findings of fact and recommendations for the disposition of Dexon's Motion to Strike Cisco's Affirmative Defenses Pled in its Answer to Dexon's Amended Complaint (Docket No. 234).

The R&R recommends that Dexon's motion to strike be denied as to Cisco's Fourth, Eleventh, and Twelfth Affirmative Defenses and any purported "unpled" affirmative defense of counterfeiting and denied without prejudice as to the remaining affirmative defenses at issue in Dexon's motion. R&R at 20. Rather than devote limited judicial resources addressing Cisco's Fifth through Tenth Affirmative Defenses when the parties had not yet engaged in a proper meet-and-confer regarding those affirmative defenses, the Magistrate Judge recommended Dexon's motion to strike Cisco's Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses be denied without prejudice to refiling following such a conference. R&R at 18.

The Magistrate Judge provided the parties some guidance to aid them in their meet-and-confer process, *id.* at 18–20, noting among other things that to the extent Cisco agrees to withdraw any affirmative defense(s) it should notify the Court on or before December 14, 2023. *Id*. at 20 n.11. The Magistrate Judge further advised Cisco that to the extent it intends to rely on one or more of its Fifth through Tenth Affirmative Defenses, Cisco is allowed leave to replead those affirmative defenses with more particularity and must do so on or before December 14, 2023. *Id*. at 19–20. According to the Magistrate Judge, if Dexon wished to file a second motion to strike as to any of Cisco's Fifth through Tenth Affirmative Defense, it must do so by December 21, 2023, while also submitting an agreed briefing schedule. *Id*. at 20.

The Magistrate Judge further noted a party's failure to file specific, written objections to the recommendations contained in the R&R would bar that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Id.* at 20–21.

No objections to the R&R have been filed.[1] Thus, the parties are barred from *de novo* review of the proposed findings and recommendations of the Magistrate Judge. The Court is of the

---

[1] On December 14, 2023, consistent with the R&R, Cisco filed its Notice Regarding Cisco System, Inc.'s Amended Answer to Dexon Computer, Inc.'s Amended Complaint and Affirmative Defenses (Docket No. 455). In its notice, Cisco notified the Court that it would withdraw its Fifth, Sixth, and Ninth Affirmative Defenses, consistent with the Court's observation that these "appear to be denials of elements of Dexon's *prima facie* case" and that the withdrawal is without prejudice to Cisco's right to "argu[e] the allegations contained in those defenses when Dexon presents its antitrust case." *Id.* at 1 (quoting R&R at 18). Cisco further notified the Court that it has agreed to withdraw without prejudice its Tenth Affirmative Defense concerning mitigation of damages. *Id.* at 1, n. 1 (reserving all rights to argue, contest, and dispute damages, including showing at trial that Dexon sustained no damages, that Dexon does not have a workable (or even plausible) damages model, and more).

opinion that the findings and conclusions of the Magistrate Judge are correct. Because the parties' meet-and-confer and Cisco's subsequent filings (Docket Nos. 455, 456) have resolved the part of Dexon's motion to strike Cisco's Fifth through Tenth Affirmative Defenses which the Magistrate Judge recommended be denied without prejudice,[2] the entirety of Dexon's motion to strike should be denied at this time. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 451) is **ADOPTED** as the findings and conclusions of this Court.

**ORDERED** that Dexon's Motion to Strike Cisco's Affirmative Defenses Pled in its Answer to Dexon's Amended Complaint (Docket No. 234) is **DENIED**.

**So ORDERED and SIGNED this 3rd day of January, 2024.**



ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

Finally, Cisco notified the Court that it would, simultaneously with the Notice, amend its Seventh and Eighth Affirmative Defenses. *Id.* at 2 (arguing Dexon has effectively mooted the Seventh and Eighth Affirmative Defenses—concerning laches and unclean hands, respectively—by failing to submit "Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench" by November 21, 2023, as the Docket Control Order expressly requires in language agreed upon by the parties); *see also* Docket No. 456 (Defendant Cisco Systems, Inc.'s Amended Answer to Plaintiff's Amended Complaint and Affirmative Defenses).

[2] Consistent with the Notice Regarding Cisco System, Inc.'s Amended Answer to Dexon Computer, Inc.'s Amended Complaint and Affirmative Defenses (Docket No. 455), Cisco's Fifth, Sixth, Ninth, and Tenth Affirmative Defenses are withdrawn. Regarding Cisco's repleaded Seventh and Eighth Affirmative Defenses, the Court notes Dexon did not file, on or before December 21, 2023, a second motion to strike those affirmative defenses.