# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| DEXON COMPUTER, INC., § | |
| § | |
| Plaintiff § | |
| § | CASE NO. 5:22-CV-00053-RWS-JBB |
| v. § | |
| § | |
| CISCO SYSTEMS, INC. AND CDW § | |
| CORPORATION, § | |
| § | |
| Defendants. § | |
| § | |

## TRIAL MANAGEMENT PROCEDURES ORDER

Jury selection in this matter is scheduled to begin at **9 AM CST on Monday, January 22, 2024** in **Texarkana, Texas**, before the undersigned. Docket No. 287. Trial is scheduled to begin immediately following jury selection. *Id.*

1. The Court **ACCEPTS** the parties' jointly proposed Pretrial Order (Docket No. 419) subject to any subsequent and forthcoming court orders, narrowed amended witness lists, narrowed amended exhibit lists, narrowed amended deposition designations, and the Court's instructions in this Trial Management Procedures Order.

2. The parties are reminded to follow the Court's Order Regarding Exhibits, Exhibit Lists, and Witness Lists (found within the Docket Control Order). *See* Docket No. 287 at 5–6.

3. A digital copy of each exhibit and expert report shall also be provided to michael_aragon@txed.uscourts.gov via file sharing platform no later than **Wednesday, January 17, 2024** at **noon CST**. Each digital exhibit shall be saved with a filename that discloses whether it is Plaintiff's or Defendant's Exhibit and the Exhibit Number.

4. An exhibit on a party's exhibit list does not become part of the trial record unless it is used

at trial and the corresponding exhibit number is read into the record. The parties will be given an opportunity to read exhibit numbers into the record before or at the conclusion of each trial day.

5. Witness lists should reflect whether a witness will be testifying via deposition or in person, and specify if the witness is a "will call," "may call," or "may, but probably will not call," using the template provided on the Court's website.

6. The parties filed initial joint proposed jury instructions (Docket No. 469) and separate proposed verdict forms (Docket No. 421). The parties are **ORDERED** to meet and confer to further narrow any remaining disputes and file joint amended proposed jury instructions and a **joint** amended proposed verdict form electronically via CM-ECF no later than **Thursday, January 18, 2024** at **noon CST**. The parties shall submit these joint filings using the highlighting and formatting scheme the parties used in their initial joint proposed jury instructions (*see* Docket No. 469) to communicate their positions within the same document regarding any remaining jury instruction or verdict form dispute. In other words, the parties may not file their own separate proposed jury instructions or separate proposed verdict forms. At the time of filing, the parties should also email a word processor (*e.g.*, Microsoft Word) version of the joint amended proposed jury instructions and the joint amended proposed verdict form to michael_aragon@txed.uscourts.gov.

7. The parties may pick up paper copies of the completed juror questionnaires from the Texarkana Clerk's Office at **noon CST** on **Friday, January 19, 2024**. The parties are reminded that completed juror questionnaires are confidential and should be properly disposed of following the completion of trial.

8. The parties have the option of providing juror notebooks. If provided, the jurors will have

the notebooks with them during trial. An example juror notebook might contain (1) witness pages for each witness who will testify at trial, with a head and shoulders photo of the witness at the top of each page, name underneath, and ruled lines below for the jurors to take notes (witness pages should not distinguish between Plaintiff's and Defendants' witnesses, or otherwise identify the witnesses beyond proper names); (2) a three-hole-punched and lined notepad; and (3) a pen. The parties may include other potentially helpful materials, within reasonable bounds of volume, upon which the parties can agree. Judge Schroeder's staff will contact the parties regarding providing agreed proposed juror notebooks. If agreed proposed juror notebooks are submitted, the parties shall also send an electronic copy of the agreed proposed juror notebook by email to michael_aragon@txed.uscourts.gov by **Friday, January 19, 2024** at **noon CST**. The Court will notify the parties if modifications need to be made to the proposed notebooks. The parties will then provide **ten (10) copies** of the notebooks to a member of Judge Schroeder's staff **prior to jury selection on the morning of Monday, January 22, 2024**.

9. In the courthouse and outside the courtroom, cell phones may be used but ringtones and other functional sounds on electronic devices must be disabled. However, cell phones in the courtroom must be powered off and put away. No one may use cell phones in the courtroom.

10. Jury selection will consist of one panel involving 28 persons. The jury will consist of eight (8) persons. The Court will conduct initial questioning, including asking each jury panel member's name, city of residence, occupation, spouse's occupation, whether the panel member previously served on a jury trial and if so, when that trial took place, the type of trial, and whether that trial returned a verdict. Counsel will each receive **thirty (30)**

    **minutes per side** to conduct *voir dire*.

11. Immediately following *voir dire*, any party having a challenge for cause shall raise its cause challenges with the Court. The Court will also address hardship issues at this time. After resolving the parties' cause challenges and any hardship issues, the Court will take a ten (10) minute recess for the parties to exercise their peremptory challenges. The parties will be allowed to exercise up to **three (3) peremptory challenges per side**. The challenges will be exercised simultaneously by the parties, *i.e.*, by the "blind strike" system.

12. During trial, requests to seal the courtroom and/or record must be made before public disclosure of the confidential information. The parties are advised to review the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Motion and Trial Practice, as well as the Protective Order entered in this action, prior to the beginning of trial. Questioning should be conducted in a manner to minimize the number of times the courtroom will be sealed, if at all.

13. Trial will begin immediately following jury selection. The Court will give preliminary instructions to the jury.

14. The parties will be permitted a maximum of **thirty (30) minutes per side** for opening statements.

15. At the pretrial conference, the parties provided updated requested trial times in view of the report and recommendation entered in the case. Plaintiff requested at least 13 hours per side for direct and cross-examination and Defendants requested at least 18 hours per side for direct and cross-examination. Docket No. 495 at 139:24–140:9. Having considered those requests and subsequent developments in the case, it is **ORDERED** that the parties will be permitted **thirteen (13) hours per side** for direct and cross-examination. The Court

reserves the right to increase the time permitted to fourteen (14) hours per side for direct and cross-examination, if the Court deems additional time necessary. Time spent at bench conferences or arguing objections will generally be split between the parties. If an objection or reason for a bench conference lacks merit, however, the Court may charge one party for the entirety of the time.

16. Each witness will be questioned on direct examination by only one attorney, and only one attorney will be responsible for cross-examination of that witness. Only the attorneys who are responsible for examining and cross-examining a witness will participate in making and responding to objections regarding that witness's testimony.

17. Proceedings with the jury will begin promptly at **9 AM CST** and continue until approximately **5 PM CST** each day. Throughout the trial, the parties are reminded to follow the General Order Regarding Courthouse Security Policies (General Order 18-06).

18. The Court will be available before the beginning of trial each day at **8:30 AM CST** to deal with evidentiary questions or other procedural matters. The Court will also be available at the end of the trial day to address any matters that need resolution at that time. If the parties are aware in advance of any such matter that needs to be addressed either before or after the court session, they should advise the law clerk and give notice to all other parties.

19. Written disputes a party expects to raise with the Court during trial shall be resolved according to the procedures agreed to by the parties in their jointly proposed Pretrial Order. *See* Docket No. 419 at 18–23. In addition to the parties' agreed procedures:

    a. Disputes to be heard on the record will be argued first thing in the morning at **8:30 AM CST** before the jury enters the courtroom.

    b. Written disputes must be filed by **10 PM CST** the night before they are raised

      (except for those for which the parties have agreed to an earlier deadline in their Proposed Joint Pretrial Order). Written dispute filings shall include any relevant testimony, any relevant authority, any disputed exhibit, or any other document required for the Court's consideration of the dispute.

    c. Responses to written disputes must be filed by **7 AM CST** the following morning.

    d. In addition to filing them, the parties must also email their written disputes and responses in word processing format (*e.g.*, a Microsoft Word file) to michael_aragon@txed.uscourts.gov when they file them.

    e. The parties must meet and confer **<u>in person</u>** before raising a dispute with the Court during trial.

20. The parties agreed to raise deposition designation objections as disputes during trial. *See* Docket No. 419 at 22. The Court expects the parties to work to significantly narrow the disputes regarding their deposition designation objections before trial. The parties are further **ORDERED** to meet and confer with respect to their pending deposition designation objections in an effort to narrow those disputes before trial. For any deposition designation objection submitted as a written dispute during trial, the objecting party is further **ORDERED** to submit a copy of the excerpted relevant deposition transcript to the Court with the relevant portions of the testimony highlighted when the objecting party submits its deposition designation objection as a written dispute.

21. Prior to closing arguments, the Court will conduct a charge conference and review the parties' objections and proposals regarding jury instructions. Objections to the Court's jury charge must be made during that conference with a statement of the reasons for each objection. If a party objects to an aspect of the charge, a party must propose alternative

charge language that would cure the objectionable aspect of the instruction.

22. Closing arguments will be limited to **forty-five (45) minutes** per side. Plaintiff may reserve one-third of its time for rebuttal argument.

23. A written copy of the charge will be given to the jury during deliberations. During deliberations, the parties will be expected to remain near the courthouse and accessible by phone unless released by the Court. The parties may pack up their exhibits during deliberations but are expected to be able to provide additional copies of any exhibits or demonstratives presented at trial if requested by the jury during their deliberations. The parties are instructed to provide Judge Schroeder's courtroom deputy with a cell phone number at which they can be reached.

24. In the event of settlement, the parties shall **promptly** notify the Court via electronic filing on CM-ECF and email to michael_aragon@txed.uscourts.gov.

**So ORDERED and SIGNED this 11th day of January, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE